### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| Respondent | * | |
| | * | Criminal No. JFM-06-0586 |
| v. | * | Civil No.   JFM-08-2768 |
| | * | |
| **DANIEL LAUREY** | * | |
| | * | |
| Petitioner | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Petitioner Daniel Laurey, through counsel, Michael E. Lawlor and Sicilia C. Englert, Lawlor & Englert, LLC, files this Reply to Government's Supplemental Memorandum in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255.

The Government argues that even if trial counsel had made an overrepresentation argument, there was no prejudice because the Court appeared disinclined to impose a lower sentence. The Government ignores, however, that the Court in fact sentenced Mr. Laurey to the low end of the Guideline range. Mr. Laurey's Guideline range was 262 months to 327 months, and the Court imposed a sentence of 262 months. Although trial counsel was unable to convince the sentencing court not to sentence Mr. Laurey as a Career Offender, an argument for overrepresentation is an entirely different matter under the Guidelines and one which

trial counsel failed to make at sentencing. Mr. Laurey was 31 years old at the time of sentencing and had numerous convictions starting from the age of 14. However, the majority of his convictions were committed at the age of 18 or younger, with only two convictions thereafter. One of those convictions was for second degree assault when he was 20 years old, and the other occurred when he was 26 years old, for possession of CDS. Under these facts, trial counsel could have made a strong overrepresentation argument. While Mr. Laurey had many convictions between the age of 14 and 18 years of age, he had only one conviction in the 10 years prior to this case.

A downward departure for overrepresentation is appropriate where a qualifying prior conviction significantly pre-dates the present offense. *See United States v. Fletcher*, 15 F.3d 553 (6th Cir. 1994) (priors which occurred in 1976 and 1985 were so remote from present bank robbery offense thereby justifying a downward departure from career offender status); *United States v. Senior*, 935 F.2d 149 (8th Cir. 1991) (remote nature of priors factor to consider in determining downward departure from career offender status); *United States v. John Hinman*, No. N-89-36 (D. Conn. 1989) (prior convictions occurred eight years and nine and one-half years before the underlying offense). In each of these cases, the courts found that the relative age of

the qualifying predicates distorted the seriousness of the defendants' criminal histories.

The proximity in time between prior convictions is a factor bearing on whether the Criminal History Category over-represents the seriousness of a defendant's criminal record. *United States v. Shoupe*, 988 F.2d 440 (3d Cir. 1993) (close time span between prior convictions appropriate factor supporting downward departure); *United States v. Smith*, 909 F.2d 1164, 1169 (8th Cir. 1990) (burglary and drug conspiracy occurred within two months of each other).

Under these circumstances, and because the sentencing court already showed itself willing to impose a sentence at the low end of the Guideline range, there is a reasonable probability that, had trial counsel argued overrepresentation, Mr. Laurey would have received a lower sentence.[1]

## CONCLUSION

Based on the foregoing, and arguments in the previously filed Supplement to Motion Under 28 U.S.C. § 2255 to Vacate, St Aside, or Correct Sentence by a Person

---

[1] Of course, at this stage, Mr. Laurey need not prove that the Court "would have" imposed a lower sentence, but rather only that there is a reasonable probability that a lower sentence would have been imposed. A "reasonable probability" is lower standard than even a preponderance of the evidence. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

in Federal Custody,  the Petitioner prays that this Court will grant his Motion and order a new sentencing hearing.

                        Respectfully Submitted,

                        _____/s/_____
                        Michael E. Lawlor
                        Sicilia C. Englert
                        Lawlor & Englert, LLC
                        6305 Ivy Lane, Suite 704
                        Greenbelt, MD 20770
                        (301) 474-3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March 2010, a copy of the foregoing Reply to Government's Supplemental Memorandum in Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 was served via ECF to Assistant United States Attorney James T. Wallner, Office of the United States Attorney for the District of Maryland.

                                                 /s/
                                      Michael E. Lawlor