IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-06-0586 |
| | * | Civil No. JFM-08-2768 |
| | * | |
| DANIEL LAUREY | * | |
| | ***** | |

MEMORANDUM

Daniel Laurey originally filed this *pro se* motion under 28 U.S.C. §2255 seeking to have his sentence vacated. I denied all of the claims asserted by Laurey except for the claim that he was denied ineffective assistance of counsel in that sentencing counsel had not properly argued that he should not be classified as a career offender. As to that claim, I appointed counsel to represent Laurey in this proceeding.

Laurey's counsel thereafter filed a supplement to his §2255 motion in which he did not argue that Laurey should not have been classified as a career offender but that his counsel should have argued that career offender status over-represented his criminal history. The government has now responded to the supplement.

The government argues that the present claim is time barred because it was not raised by Laurey in his original motion. Although the argument is not frivolous, I believe that the over-representation argument is sufficiently related to the claim that Laurey did assert (that he should not have been classified as a career offender) that it should be deemed to have been filed in the original motion and therefore is not time barred. As to the over-representation claim, I am satisfied that Laurey has demonstrated that his sentencing counsel as ineffective. Upon

resentencing, I am not guaranteeing that I will impose any lesser sentence upon Laurey than I originally imposed. However, having been the sentencing judge, I can say that Laurey was prejudiced in that in imposing sentence upon him, I did not consider whether the criminal history classification over-represented his criminal history and that, if I had found over-representation, I would not have imposed a sentence within the resulting Sentencing Guidelines.

      For these reasons, Laurey's motion will be granted and the case set in for resentencing.

Date:   April 6, 2010                    __/s/_____
                                               J. Frederick Motz
                                               United States District Judge