IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-06-0586 |
| DANIEL LAUREY, | * |
| Defendant | * |

## MEMORANDUM AND ORDER

Defendant Daniel Laurey has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 68.) Laurey pled guilty to a charge of possession with intent to distribute controlled substances on December 17, 2007. He was sentenced on February 29, 2008, and judgment was entered on March 3, 2008, for a term of imprisonment of 262 months. (An Amended Judgment was entered March 18, 2008, to correct a clerical error.) Laurey filed a motion to vacate under 28 U.S.C. § 2255 on October 20, 2008, arguing *inter alia* that his counsel had failed to contest his career offender designation at sentencing. The Court appointed counsel to represent Laurey on his § 2255 motion; counsel filed a supplemental § 2255 motion and, on April 6, 2010, the Court granted the motion "to the extent that it asserts a claim for ineffective assistance of counsel in not arguing at sentencing that the criminal history classification over-represented Laurey's criminal history." (ECF No. 60.)

Although the Court indicated it would set the case in for resentencing, the Court conferred with counsel for the parties and instead entered a Second Amended Judgment reflecting the parties' agreement that a reduced sentence of 210 months would be appropriate and reflecting Laurey's waiver of a resentencing proceeding. (ECF Nos. 63, 64.)

The original Presentence Report ("PSR") based its calculation upon the stipulation in the plea agreement that Laurey possessed at least 280 grams of cocaine base during the offense to which he pled guilty. (Govt's Opp'n 5.) Counsel in Laurey's instant motion notes the PSR also took into account that Laurey possessed 200 grams of marijuana. (Def.'s Mot. 1.) Although the PSR calculated a base offense level and made an upward adjustment for possession of a dangerous weapon, it was further determined that Laurey had three prior felony offenses for either controlled substances or crimes of violence, and those prior offenses rendered him a career offender resulting in an offense level of 37. After a three-level downward adjustment for acceptance of responsibility, his total offense level was 34. Taking into account the prior offenses, his criminal history score was set at VI, resulting in a guidelines range of 262 to 327 months.

When initially sentenced, the Court sentenced him to 262 months, at the bottom of the guidelines range. When the Court determined that his criminal history was overstated, and his criminal history score was lowered to IV, his applicable range became 210 to 262 months. Once again, the Court entered a sentence that reflected the bottom of that range.

The First Step Act allows relief in the form of a reduced sentence for an individual who committed a 21 U.S.C. § 841(b)(1) (or § 846) offense prior to the effective date (August 3, 2010) of the Fair Sentencing Act, which increased the drug quantity thresholds for imposition of certain penalties. First Step Act, Pub. L. 115-391 § 404, 132 Stat. 5194, 5222; *see* 21 U.S.C. § 841 note (2019) (Application of Fair Sentencing Act). Relief is discretionary. Two limitations apply, only one of which is relevant here:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . .

First Step Act § 404(c). "In accordance with" is not defined in the statute, but a common-sense definition of that term is "consistent with." The record shows that Laurey's sentence, as previously imposed, is consistent with the Fair Sentencing Act, section 2.

The determinations as to the appropriate offense level and criminal history score for Laurey have not changed due to retroactive application of section 2 of the Fair Sentencing Act of 2010. That is because his Career Offender designation keeps his offense level at 34 (after downward adjustment from 37 three levels for acceptance of responsibility) and because the Court's prior adjustment downward of the criminal history score from VI to IV has already been taken into account. Because Laurey's guidelines calculation, as reflected in the prior reduction of his sentence to 210 months, is in accordance with section 2 of the Fair Sentencing Act, he is ineligible for relief under the First Step Act, section 404. His motion (ECF No. 68), therefore, is DENIED.

DATED this __18__ day of July, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge