IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-06-0586 |
| DANIEL LAUREY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM, ORDER, AND AMENDED JUDGMENT**

Again pending before the Court is the Defendant's MOTION TO REDUCE SENTENCE (ECF No. 68). The Government has responded (ECF No. 69) and the Defendant has replied (ECF No. 73). The Court previously denied the Motion (ECF No. 74), but the Defendant appealed (ECF No. 75) and the Court of Appeals subsequently remanded the case for further proceedings consistent with its opinion deciding *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). The Court now reconsiders the sentence previously imposed and grants a reduction.

The Defendant is eligible for a reduction in sentence pursuant to the First Step Act of 2018. *See, United States v. Wirsing, Id.*

In deciding whether to exercise its discretion and reduce the Defendant's sentence, the Court will take into account the facts and circumstances of the offense, changes in the sentencing statutes and guidelines since the Defendant was originally sentenced, his post-conviction conduct, and all matters ordinarily relevant when applying the familiar factors set out in 18 U.S.C. § 3553(a).

First, the Court considers the history and characteristics of the Defendant. While the Court has previously determined that the criminal history score might overstate the true nature of the Defendant's record, by any measure his criminal history is aggravated. His early convictions are now quite dated, but they were serious and they remain a factor in how he should be regarded today. His prior offenses frequently involved handguns and, sometimes, extreme violence. While serving the current sentence, the Defendant has sustained several infractions. He has been cited for possessing weapons in prison. He has been cited for using dangerous drugs while incarcerated.

Next, the Court is to consider the nature and circumstances of the offense. The Defendant was convicted of possessing with intent to distribute more than 50 grams of crack cocaine. Significantly, he possessed a dangerous weapon in relation to the offense. The actual quantity possessed (280 grams), while substantial, is viewed as a less serious matter than previously.

Next, the Court is to consider the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. Armed drug dealers are by definition dangerous, and there is nothing in the Statement of Facts in this case that undercuts that basic premise as to this Defendant. When he plead guilty, the Defendant readily admitted that he possessed both the drugs and the gun (ECF No. 27). Accordingly, the offense was serious, and a significant term of imprisonment, *i.e.*, punishment, is appropriate to promote respect for the law.

Next, the Court, appropriately, will impose a substantial sentence in order to deter this Defendant, and others, from similar unlawful and dangerous conduct in the future.

The next factor is the need to protect the public. In past decades, the Defendant engaged in violent conduct that resulted in significant harm and injury to others. When substantial time has passed since such misconduct, as is true in this case, the question is whether the Defendant has progressed out of that violent behavior pattern. In recent years, of course, the Defendant has been

incarcerated. But during that time he has been disciplined for possessing dangerous weapons. He has engaged in other misconduct while incarcerated, all suggesting that rehabilitation is not complete. The record suggests that the Defendant may continue to pose a danger to the public and the sentence imposed, even after reduction, should reflect this.

Next, the Court must consider whether its contemplated sentence would result in an unwarranted disparity with those sentences imposed on other Defendants with similar records and culpability. The Court has such sentences firmly in mind as it considers what it appropriate in this case.

Next, the Court is to consider the need to provide the Defendant with training or treatment. However, in his case the Court concludes that those factors do not influence the question of how much time should be imposed as training and treatment opportunities exist both inside prison and while on supervised release.

Last, the Court is to consider the advice of the Federal Sentencing Guidelines. While the parties' analysis is a bit muddled, the applicable guideline range now may be as low as 130-162 months, and the Court has taken that into account in determining what reduction should occur.

The Defendant is eligible for a sentencing reduction. Even after the original sentence was reduced to 210 months, it was still driven by a sentencing policy no longer fully embraced by Congress or the Sentencing Commission. By modern standards, a sentence of 210 months is still too high, given the quantity of drugs involved. A reduction is in order.

The inclination to reduce the sentence must be tempered, however, by the other circumstances present in this case. The Defendant has an aggravated record. *He was armed.* Significantly, his most recent time in prison has not been free of incidents and infractions. There

3

is reason to question whether the Defendant has made all of the necessary progress on the road to rehabilitation.

The totality of the circumstances now present in the case and referenced above cause the Court to conclude that there should be a sentencing reduction and that the sentence that is now sufficient but not more than necessary is 186 months of incarceration, or time served plus 10 days, whichever is more lengthy,[1] to be followed by four years on supervised release. All of the other terms and conditions of the original Judgment and Commitment Order (ECF No. 64) not affected by these two changes remain in full force and effect. This is a variant sentence under 18 U.S.C. § 3553, and it is the sentence the Court deems appropriate regardless of the exact computation of the guidelines at this late stage. To be crystal clear, even if the guidelines were computed differently in this case, the sentence would nonetheless be 186 months.

Upon remand and reconsideration, the MOTION TO REDUCE SENTENCE (ECF No. 68) is GRANTED to the extent detailed above. THE SECOND AMENDED JUDGMENT (ECF No. 64) is AMENDED accordingly.

DATED this _19_ day of _Feb._, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[1] In the event the Defendant has already served the 186 month sentence with good time credit taken into account, then he should be released 10 days after entry of this Order. If he has not yet completed 186 months, less good time, then he must complete the 186 month term, less good time.

4